UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Gary Lee Brown, #94396,
a/k/a Gary Lee Brown, #45003,

        Plaintiff,

vs.

Warden Kevin Thomas; Sgt. Dwan Bostic; and
Private Shavonne Quick,

        Defendants.

C/A No. 4:19-955-JFA

ORDER

The *pro se* plaintiff was a pretrial detainee at the Marlboro County Detention Center ("MCDC") at the time he filed this complaint pursuant to 42 U.S.C. § 1983. He alleges that when he arrived at the MCDC on March 6, 2018, he relinquished control of his wedding ring to the MCDC. He later sought the status of the ring in September 2018 and it was discovered that the wedding ring was missing. Plaintiff seeks declaratory relief and damages for the deprivation of his property.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the case should be dismissed without prejudice

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

and without issuance and service of process. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 15, 2019 (ECF No. 13). The plaintiff has not filed any objections to the Report and the time within which to do so has expired.[2] In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Pursuant to *Goode v. Cent. Va. Legal Aid. Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) and its progeny, the Magistrate Judge previously notified the plaintiff of the deficiencies in his original complaint and gave the plaintiff the opportunity to amend the complaint. However, the plaintiff has failed to make any amendments. As the Magistrate Judge notes in his Report, the plaintiff's complaint, as filed, fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property. Citing *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018), the Magistrate Judge suggests that the dismissal should be *without prejudice* so that the plaintiff may pursue state remedies.

After carefully reviewing the applicable laws and the record in this case, this court

---

[2] The court has not received any notices of address changes from the plaintiff nor has it received any returned mail from the U.S. Postmaster.

accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

                                          Joseph F. Anderson, Jr.

July 10, 2019                                   United States District Judge
Columbia, South Carolina